IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CYNTHIA M. MCMURRIAN,            )
                                 )
            Plaintiff,           )
                                 )
v.                               )   Case No. CIV-10-390-KEW
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social           )
Security Administration,         )
                                 )
            Defendant.           )

**OPINION AND ORDER**

Plaintiff Cynthia M. McMurrian (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 3, 1980 and was 29 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant worked in the past as a cashier/checker, a medical records clerk, a home attendant, a fast food worker, and a

3

fast food clerk. Claimant alleges an inability to work beginning February 1, 1999 due to bipolar disorder, anxiety, panic disorder, depression, and attention deficit hyperactivity disorder.

### Procedural History

On December 4, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On June 4, 2009, an administrative hearing was held before ALJ Osly F. Deramus in McAlester, Oklahoma. On October 2, 2009, the ALJ issued an unfavorable decision on Claimant's applications. On September 2, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with some limitations.

4

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly explain his rejection of all of the medical opinions in the record; and (2) arriving at an RFC for Claimant which was not based on substantial evidence.

**Evaluation of Medical Opinions**

Claimant contends the ALJ failed to properly set forth the reasons for his rejection of some of the medical opinions in the record. Specifically, Claimant asserts that portions of the opinions of Dr. Theresa Horton, Dr. Laura Lochner, and Dr. Dorothy Wynn were rejected by the ALJ without adequate explanation.

On March 26, 2008, Dr. Horton conducted a diagnostic interview and mental status examination of Claimant. She diagnosed Claimant with Bipolar Disorder, Type I, Current Episode Depressed, Generalized Anxiety Disorder, and Panic Disorder. In Dr. Horton's prognosis, she found Claimant had moderate anxiety that occasionally affects her focus. She also stated,

> Although her performance today is adequate, due to the very active state of her bipolar disorder regarding manic and depressive phases, she likely will continue to experience the long term problem of maintaining long term permanent employment. She does appear capable of understanding and managing simple and complex instructions and tasks, yet likely, as noted earlier, will continue to struggle doing so in an occupational setting for long periods.

(Tr. 464-65).

In his decision, the ALJ discussed Dr. Horton's findings. He concluded that her opinions were entitled to "some weight" to the extent they "are consistent with the medical record as a whole." (Tr. 18-19). In his RFC findings, the ALJ included limitations upon Claimant's ability to perform light work in stating "due to psychologically based factors, the claimant has some limitations but can understand, remember and carry out simple and some complex instructions and can relate to supervisors on a superficial work basis, but has difficulty relating to the general public." (Tr. 15).

Clearly, the ALJ accepted a portion of Dr. Horton's findings as to Claimant's ability to carry out tasks, but made no accommodation in the RFC for Dr. Horton's restrictions on long term employment. One of the areas the ALJ is required to make a finding surrounds a claimant's ability to maintain the RFC on a regular and continuing basis, meaning "8 hours a day, for 5 days a week, or an equivalent work schedule." Soc. Sec. R. 96-8p. Claimant must be able to "hold whatever job [she] finds for a significant period of time." Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ appears to have given "some weight" to Dr. Horton's findings which supported his RFC determination while giving no consideration or weight to the findings that did not. When

6

evaluating the evidence, the ALJ cannot pick and choose the evidence upon which he relies simply because it supports his finding of non-disability. Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004). On remand, the ALJ shall discuss Dr. Horton's additional restriction on long term employment.

Dr. Lochner was a non-examining agency physician who reviewed Claimant's medical records. On August 1, 2008, Dr. Lochner completed a Mental Residual Functional Capacity Assessment form on Claimant. (Tr. 507-09). She found Claimant's "ability to understand and remember" to be "somewhat impaired." Dr. Lochner noted Claimant had been diagnosed with ADHD and, therefore, her concentration was affected by the condition. She concluded that Claimant "appears capable of understanding, remembering, and managing simple and some complex instructions and tasks at this time" but that she "will continue to struggle doing so in an occupational environment for long periods due to her mood instability." (Tr. 509).

The ALJ stated he gave "great weight" to the opinion offered by Dr. Lochner. (Tr. 19). As with Dr. Horton, the ALJ discussed Dr. Lochner's opinion to the extent it supported his ultimate findings on Claimant's RFC but did not mention the restriction on working for long periods. If the ALJ rejected this portion of the opinion for some reason, he must set forth that reason - especially

7

when he expressly states the opinion is given significant weight. Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). On remand, the ALJ shall discuss the totality of Dr. Lochner's opinion - even those portions which do not support his findings on Claimant's RFC.

Dr. Wynn completed a Mental Residual Functional Capacity Assessment form on Claimant on April 23, 2008. (Tr. 481-83). She concluded Claimant could perform simple and some complex tasks, could relate to others on a superficial work basis, and could adapt to a work situation in a reduced stress environment. (Tr. 483). As with Dr. Lochner's opinion, the ALJ afforded Dr. Wynn's opinion "great weight." (Tr. 19). The ALJ recognized Dr. Wynn's restriction to adapting in a reduced stress environment but apparently did not consider it in the formulation of Claimant's RFC. The ALJ also did not include this restriction in his hypothetical questioning through interrogatories of the vocational expert. (Tr. 176-79). On remand, the ALJ shall consider this additional restriction, state whether it is accepted or rejected, and, if rejected, provide the basis in the medical record for doing so.

### RFC Determination

Claimant also contends the RFC findings were not supported by substantial evidence. Since the ALJ did not adequately consider

8

the opinions of Drs. Horton, Lochner, and Wynn in his RFC findings, the matter will be remanded for further evaluation in light of this medical opinion evidence. Claimant also references a report from her treating psychiatrist, Dr. Rajaratnam, which was not available to the ALJ at the time of his decision but which supports the other mental health professionals rendering opinions that Claimant would have difficulty maintaining employment. (Tr. 665). On remand, the ALJ shall determine whether this opinion should be considered in Claimant's case.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 21st day of March, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE